IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SHIRLEY LORRAINE WILLIAMS,                          Civil No. 1:10-cv-00194-CL

   Plaintiff,                                       REPORT AND RECOMMENDATION

   v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

   Defendant.

CLARKE, Magistrate Judge.

   Plaintiff Shirley Lorraine Williams obtained a judgment remanding this matter

pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings (#24). Plaintiff has filed

an application for attorney fees pursuant to the Equal Access to Justice Act (EAJA) (#25), 28

U.S.C. § 2412, seeking attorney fees in the amount of $8,661.67 [48.9 total hours of attorney

time]. No costs or expenses are requested. Defendant objects to plaintiff's application. For the

reasons explained, plaintiff's application should be granted.

## DISCUSSION

   Defendant concedes plaintiff was the prevailing party on one "narrow issue"

found by the court requiring reversal and remand. He states he does not raise the "issue of

'substantial justification' in this case with regard to that issue." (Def. Resp. at 3 n.1.) Having reviewed the record, the Court finds plaintiff is eligible for a fee award:  plaintiff is the prevailing party in this matter and the Commissioner's position was not substantially justified. Plaintiff alleges her net worth satisfies the EAJA net worth requirements.  28 U.S.C. § 2412(d); see Comm'r, I.N.S. v. Jean, 496 U.S. 154, 160-61 (1990).

The Supreme Court has found that, "once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in Hensley [v. Eckerhart, 461 U.S. 424 (1983) (award of attorney fees under Fees Act, 42 U.S.C. § 1988)]." Jean, 496 U.S. at 161.  The starting point in determining a reasonable attorney fee is the lodestar figure–the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate.  Hensley, 461 U.S. at 433; Sorenson v. Mink, 239 F.3d 1140, 1145 & n.2 (9th Cir. 2001) (Hensley applicable to fee award under EAJA); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998) (considering attorney fee award under EAJA).  The court must also consider the "important factor" of the "results obtained." Hensley, 461 U.S. at 430-34; Atkins, 154 F.3d at 988.

Defendant objects to the hours of attorney time expended by plaintiff as unreasonable and excessive, asserting plaintiff was only partially successful in the results obtained, since she obtained a remand on only one narrow issue while the Commissioner was affirmed on the six other grounds raised.  Defendant also contends plaintiff's counsel should not be compensated for 6.1 hours expended on unsuccessful objections to the Report and Recommendation; the fee petition shows duplicative efforts by multiple attorneys in the case; and plaintiff's counsel are experienced attorneys who should be able to handle this routine case which

2 - REPORT AND RECOMMENDATION

was neither novel nor complex. Defendant submits that, considering these factors and fee awards in similar cases, the court should make a downward adjustment and compensate plaintiff's counsel for 25 hours total, rather than the 48.9 hours sought.

The lodestar figure includes only hours reasonably expended in the litigation. Any "excessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award. Hensley, 461 U.S. at 434. Defendant contends plaintiff's counsel should not be compensated for the time expended on objections to the Report and Recommendation (R&R) because Judge Panner adopted the R&R without any change. Plaintiff objected to the R&R on the basis of three issues, seeking to achieve an outright award of benefits or, alternatively, a remand on more favorable terms. It was not unreasonable for counsel to file objections as an advocate for his client and the arguments, while not successful, were not unreasonable. The court declines to reduce counsel's hours by the time spent on preparing the objections to the R&R.

Defendant objects to approximately 8 hours of time spent by lead counsel, Mr. Wilborn, in reviewing and "completing" plaintiff's opening brief, plaintiff's reply brief, and objections to the R&R. Billing records submitted by attorney Stephens show that she spent 19.3 hours reviewing plaintiff's file, summarizing the record, and drafting the opening brief, 4.5 hours drafting the reply brief, and 3.9 hours drafting objections to the R&R, for a total of 27.7 hours by Ms. Stephens. Mr. Wilborn is counsel of record and signed the briefs submitted to the court. It was necessary and proper for him to review Ms. Stephens work and finalize the briefing for filing with the court. The time spent by Mr. Wilborn in this regard is reasonable and not duplicative.

3 - REPORT AND RECOMMENDATION

Defendant also contends the court should reduce the claimed hours because counsel are experienced and should efficiently handle routine social security cases without duplication. While counsel may be experienced attorneys in social security law, each social security case is unique on its facts, requiring review of voluminous records. The court agrees with the district court in Patterson v. Apfel, 99 F. Supp.2d 1212, 1213 (C.D. Cal. 2000), which found that, "the expertise of plaintiff's counsel does not make the hours expended unreasonable. Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." Here, the transcript was in excess of 600 pages and plaintiff raised five legal issues, most comprised of subparts, each factually unique. The briefs filed by plaintiff were thorough but not excessive. The hours spent by Ms. Stephens and Mr. Wilborn in reviewing the file and drafting and completing briefs are not unreasonable in this case and this reason advanced by defendant does not provide a basis to reduce the hours claimed by plaintiff's counsel.

Defendant contends that, considering fee awards in similar social security cases not presenting any particular difficulty of 20-40 hours, the court can conclude that the 48.9 hours claimed in this routine case is excessive. In the Patterson case, cited by defendant, the court collected cases of reasonable EAJA fee awards based on 20 to 54.5 hours. Id. at 1214 n.2. And in Nugent v. Massanari, No. C-00-2908 PJH, 2002 WL 356656, at *2 (N.D. Cal. Feb. 28, 2002), the court discussed cases in which claimed hours were reduced to 20 to 40 hours as reasonable expenditures of time. In this District, the court in Harden v. Commissioner Social Security Administration, 497 F. Supp.2d 1214, 1215-16 (D. Or. 2007), stated that, absent unusual circumstances, a range of 20 to 40 hours expended in a social security case is a good framework

4 - REPORT AND RECOMMENDATION

in determining whether time expended is reasonable. See Irwin v. Astrue, No. CV-10-545-HZ, 2011 WL 5865938, at \*2 (D. Or. Nov. 22, 2011). In Harden, the court reduced 95.9 requested hours to 40 hours due to inexperience of new counsel in a routine case with a comparatively short administrative record. Other courts in the District, while citing the Patterson case, have awarded EAJA fees based on a higher number of hours. See e.g. Hill v. Comm'r, Soc. Sec'y Admin., 07-1041-JE, 2009 WL 1838332 (D. Or. June 24, 2009) (fee for full 56.25 hours requested); Anderson v. Astrue, No. 08-CV-6005-BR, 2009 WL 1519449 (D. Or. May 29, 2009) (fee for 59.75 hours with small reduction).

Each fee award must be determined on the facts of the case. Plaintiff filed a 24-page brief, as did defendant, and a 10-page reply brief based on an administrative record of over 600 pages. A review of the record shows that, while the issues raised may have been common legal issues raised in social security cases, analysis and resolution of the multiple subparts was very fact intensive, as reflected in the Court's relatively lengthy R&R of 31 pages. In this regard, the number of hours requested is not unreasonable.

Defendant does not take issue with the hourly rates sought by plaintiff's counsel. The rates are within the statutory cap provided by statute. The court has reviewed the rates proposed by plaintiff and finds they are reasonable under the EAJA. See 28 U.S.C. § 2412(d)(2)(A).

Considering the reasonable hours expended and the reasonable rates results in a lodestar in the fee amount requested by plaintiff:

//

5 - REPORT AND RECOMMENDATION

| 2010 | 12.5 hours + 19.3 hours  =  31.8 hours  x  $175.06  = | $5,566.91 |
| 2011 | 5.9 hours + 8.4 hours = 14.3 hours x $180.59 = | $2,582.44 |
| 2012 | 2.8 hours x $182.97 = | $  512.32 |
| | Total | $8,661.67 |

The lodestar figure presumptively represents a reasonable attorney fee. See Gates v. Deukmejian, 987 F.2d 1392, 1297 (9ᵗʰ Cir. 1993).

Defendant contends plaintiff's fee request should be reduced because she was only partially successful, obtaining a remand on only one narrow issue. A downward adjustment may be made because of the results obtained by the prevailing party, that is, where the party succeeded on only some of the claims for relief. Hensley, 161 U.S. at 434.

This contention raised by defendant was addressed in Jackson v. Astrue, No. CV-09-989-MO, 2011 WL 2619493 (D. Or. June 28, 2011). There, the plaintiff prevailed on one of several issues in her social security case. The court discussed Hensley, and found plaintiff should be compensated for the one successful claim and two unsuccessful but related claims, and reduced plaintiff's fee award by 25% to account for the unsuccessful, unrelated claims. Id. at *3-*5. This Court has reviewed the reasoning of Jackson, and respectfully disagrees.

In discussing a prevailing plaintiff's limited success, the Hensley Court stated:

> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants–often an institution and its officers, as in this case–counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate

6 - REPORT AND RECOMMENDATION

lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

Id. at 434-45 (citation omitted).  This court agrees with plaintiff that she presented multiple arguments in support of one claim for relief to this court:  a claim for disability benefits on which she prevailed by obtaining a reversal of the Commissioner's decision and a remand for further proceedings.  In considering the results achieved, the Hensley Court stated:

> Where a plaintiff has obtained excellent results, his [or her] attorney should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified.  In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.

Id. at 434.  Plaintiff here did not succeed on all of her arguments, but she achieved the relief she sought, thereby obtaining an excellent result.  Considering the issues presented, the performance of counsel, and her successful result, the court concludes no reduction based upon limited success is warranted and the fee award sought is reasonable.  Plaintiff's application for attorney fees under the EAJA should be granted as requested in the application.

## RECOMMENDATION

Based on the foregoing, it is recommended that plaintiff's application for attorney fees under the EAJA (#25) be granted in the amount of $8,661.67, and a supplemental judgment entered accordingly.  Unless it is determined that plaintiff owes a federal debt, the fee award shall be made payable to plaintiff and delivered to plaintiff's counsel.  See Astrue v. Ratliff, ___ U.S. ___, 130 S. Ct. 2521, 2527 (2010).  The Court is not aware plaintiff has filed an assignment of EAJA fees.  Should plaintiff provide a signed assignment requesting the attorney fee award under

the EAJA be paid directly to counsel, the government shall pay the EAJA attorney fee directly to plaintiff's counsel. Id.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by July 16, 2012. If objections are filed, any response to the objections are due by August 2, 2012,* see *Federal Rules of Civil Procedure 72 and 6.*

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 26 day of June 2012.

MARK D. CLARKE
United States Magistrate Judge

8 - REPORT AND RECOMMENDATION